IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| In re: ) | |
| ) | No. 2:18-mc-00364-DCN |
| Application of SERVOTRONICS, INC. ) | |
| for an Order Pursuant to 28 U.S.C. § 1782 ) | |
| to Take Discovery for Use in a Foreign ) | |
| Proceeding ) | |
| ) | |
| ) | **ORDER** |
| _____ ) | |

      This matter is before the court on intervenor Rolls-Royce, PLC's ("Rolls Royce") motion to stay, ECF No. 11. For the reasons set forth below, the court denies the motion.

## I.  BACKGROUND

      SERVOTRONICS INC. ("Servotronics") supplied a valve that was used in an engine manufactured by Rolls Royce. The engine was then supplied to intervenor The Boeing Company ("Boeing") for use in a Boeing 787 Dreamliner aircraft. During testing, the engine caught on fire and caused significant damage. Boeing and Rolls Royce settled Boeing's claim for damages, and Rolls Royce subsequently sought indemnity from Servotronics. Pursuant to the parties' contract, Rolls Royce commenced arbitration in the United Kingdom to resolve the dispute.

      On October 26, 2018, Servotronics filed an ex parte application for an order pursuant to 28 U.S.C. § 1782 to take discovery for use in a foreign proceeding. ECF No. 1. In the application, Servotronics sought leave to serve deposition subpoenas on three Boeing employees in order to obtain testimony for use in the arbitration. The court found that the private UK arbitral panel conducting the arbitration was not a "foreign or international tribunal" pursuant to § 1782(a) and denied Servotronics's application. ECF

1

No. 4.  Servotronics appealed the court's order, and Rolls Royce and Boeing intervened in the appeal.

On March 30, 2020, the Fourth Circuit reversed this court's order, concluding that the UK arbitral panel is a "foreign or international tribunal" under § 1782(a), and remanded the case so that this court could conduct further proceedings on Servotronics's application.  Servotronics, Inc. v. Boeing Co., 954 F.3d 209, 216 (4th Cir. 2020).  After the Fourth Circuit issued its opinion but prior to the issuance of the mandate, Rolls Royce filed a motion to stay the Fourth Circuit's mandate pending the filing of its petition for certiorari.  ECF No. 14-1.  The Fourth Circuit denied that motion on April 22, 2020, ECF No. 14-3, and issued its mandate on April 30, 2020, ECF No. 12.  Two days prior to the issuance of the mandate, Rolls Royce filed a motion to stay the proceedings before this court.  ECF No. 11.  Boeing consented to the stay, but Servotronics did not.  Servotronics responded the motion on May 1, 2020, ECF No. 14, and Rolls Royce replied on May 8, 2020, ECF No. 17.  The motion is now ripe for review.

## II.  DISCUSSION

Rolls Royce seeks a stay of this court's proceedings pending Rolls Royce's petition for certiorari.  Rolls Royce plans to file a petition of certiorari based on the circuit split related to whether a private arbitral tribunal in another country is a "foreign or international tribunal" under § 1782(a).  In the alternative, Rolls-Royce requests that the court first hear from counsel for all interested parties before conducting any proceedings on Servotronics's application.  Servotronics opposes a stay on several grounds.  First, Servotronics argues that the motion should be denied because it was filed prior to the Fourth Circuit's issuance of the mandate, meaning the court has no

jurisdiction to consider the motion. Second, Servotronics contends that the issue of a stay cannot be further litigated because the Fourth Circuit has already denied a stay of the case pending Rolls Royce's filing of a certiorari petition. Finally, Servotronics explains that it has filed its renewed application and that Rolls Royce will be afforded the opportunity to file a response to the application and present any arguments about the proceedings at that time. The court finds that the motion to stay is now within its jurisdiction, meaning the court may consider it, but that the mandate rule requires the denial of a stay.

### A. Filing of Motion Prior to Mandate

Servotronics argues that Rolls Royce's motion must be denied because it was filed prior to the Fourth Circuit's mandate when the Fourth Circuit still retained exclusive jurisdiction of the case. To be sure, the filing of an appeal "divests the district court of authority to proceed further with respect to such matters . . . until the district court receives the mandate of the court of appeals." DuBuit v. Harwell Enterprises, Inc., 540 F.2d 690, 693 (4th Cir. 1976). However, the court clearly has jurisdiction over this case now, as the Fourth Circuit issued its mandate on April 30, 2020. Accordingly, the issue is properly before the court. And as Rolls Royce points out, nothing in DuBuit suggests that a party cannot file a motion prior to the mandate that seeks action after the mandate issues when the case has been remanded for further proceedings. Therefore, the court finds that this issue is properly before the court and now considers the merits of the issue.

### B. Effect of Fourth Circuit's Denial of Stay

Next, Servotronics contends that the law-of-the-case doctrine and mandate rule both require this court to abide by the Fourth Circuit's denial of a stay of the mandate and to now deny a stay of this court's proceedings. Rolls Royce disagrees, arguing that the

3

Fourth Circuit's ruling does not deprive this court of the discretionary management of its own docket, which can include a stay of the proceedings, and that the Fourth Circuit specifically noted this court's discretion in how it conducts proceedings on remand.

To provide some context on the current stage of this litigation, a district court must engage in two inquiries when presented with a § 1782 discovery application. First, it must determine if it has the authority to grant the application. Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 264 (2004). If the court does have such authority, then it must decide whether to exercise its discretion to grant the application. Id. The Fourth Circuit concluded that this court has authority to grant Servotronics's application, so now the court is faced with the second inquiry—whether it should exercise its discretion to grant or deny the application—which is an issue that the Fourth Circuit specifically declined to address. See Servotronics, Inc., 954 F.3d at 216 ("[B]ecause § 1782 confers discretion on the district courts in the first instance to manage any assistance that may be provided to a foreign tribunal, we decline to preempt that role.").

As noted above, the Fourth Circuit denied Rolls Royce's motion to stay the issuance of the mandate pending the filing of a petition for certiorari. Servotronics argues that this court must abide by that denial of a stay based on two principles: the law-of-the-case doctrine and the mandate rule. "The law-of-the-case doctrine recognizes that 'when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'" Graves v. Lioi, 930 F.3d 307, 318 (4th Cir. 2019), cert. denied sub nom. Robinson v. Lioi, 140 S. Ct. 1118 (2020) (quoting Arizona v. California, 460 U.S. 605, 618 (1983)). The "'mandate rule' is a more powerful version of the law-of-the-case doctrine and is based on 'the principle that an

4

inferior tribunal is bound to honor the mandate of a superior court within a single judicial system.'" Invention Submission Corp. v. Dudas, 413 F.3d 411, 414 (4th Cir. 2005) (quoting 18B Charles Alan Wright, Arthur B. Miller, & Edward H. Cooper, Federal Practice and Procedure § 4478.3 (2d ed. 2002)). Under this rule, "a lower court generally may not consider questions that the mandate has laid to rest." Id. at 415. Rolls Royce argues that neither of these doctrines is applicable here. The court disagrees, finding that adherence to the mandate rule prevents the court from granting a stay in this case.

The mandate rule "forecloses relitigation of issues" not just explicitly ruled upon by an appellate court but also those that are "impliedly decided." United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993). As such, to ensure compliance with the mandate rule, a district court must first determine the scope of the mandate. S. Atl. Ltd. P'ship of Tennessee, LP v. Riese, 356 F.3d 576, 584 (4th Cir. 2004). Another district court within this circuit did so in a case with a similar procedural history to the one in this matter. In United States v. Lentz, the defendant was found guilty by a jury of kidnapping for murder. 352 F. Supp. 2d 718, 720 (E.D. Va. 2005). For reasons immaterial to the present analysis, the district court subsequently entered a judgment of acquittal and granted the defendant a new trial. Id. at 721. The government appealed, and the Fourth Circuit reversed the judgment of acquittal, affirmed the granting of a new trial, and determined that the case must be remanded for further proceedings. The defendant planned to file a petition for certiorari with the Supreme Court and filed a motion to stay the Fourth Circuit's issuance of its mandate, which the Fourth Circuit denied. Id. at 726.

5

The case was remanded to the district court, where the defendant filed a motion to stay the proceedings pending the filing of his certiorari petition.

The district court denied the motion to stay pursuant to the mandate rule. The court explained that "[i]t is settled that, pursuant to the mandate rule, when an appellate court remands an appeal for further proceedings, 'a district court must, except in rare circumstances, implement both the letter and spirit of the mandate.'" Id. at 727 (quoting Bell, 5 F.3d at 66). The court relied on established Fourth Circuit precedent to posit that district courts must abide by rulings that are both explicitly and impliedly made by appellate courts and their mandates, meaning that district courts "must attempt to implement the spirit of the mandate." Id. (citing Bell, 5 F.3d at 66 and Riese, 356 F.3d at 584). In applying these principles, the court found that "a stay of [the] case pending filing of [the defendant]'s certiorari petition would violate the 'mandate rule,' as it would contravene the spirit of the Fourth Circuit's mandate in [the] case" because granting a stay "would permit [the defendant] to obtain in the district court that which the Fourth Circuit explicitly refused." Id. Lentz raised the same argument raised here by Rolls Royce, that a stay is permissible despite the Fourth Circuit's denial because the district court had wide discretion to manage its docket, but the court dismissed that argument by explaining that "a district court may only invoke this discretion to the extent that its exercise is consistent with the letter and the spirit of a circuit court's mandate." Id. at 728. The court concluded by finding that "a continuance is plainly unwarranted in light of the Fourth Circuit's denial of [the defendant]'s application for a stay." Id.

The court finds this reasoning to be persuasive. While the Fourth Circuit's mandate and judgment in this case simply remands the case "for further proceedings

6

consistent with the court's decision," ECF No. 12, the court cannot ignore the significance of the Fourth Circuit's denial of a stay. Rolls Royce attempts to distinguish Lentz, arguing that the Fourth Circuit's mandate in Lentz left the district court with no discretion as to what to do next while here, the Fourth Circuit specifically instructed this court to exercise its discretion to manage the proceedings. The court is unconvinced by this distinction. As the Lentz court explained, "a district court may only invoke this discretion [to manage its docket] to the extent that its exercise is consistent with the letter and the spirit of a circuit court's mandate." Id. at 728. Therefore, while this court may have wide discretion in handling Servotronics's application, the mandate rule requires any discretion in managing proceedings to be tempered by the Fourth Circuit's mandate, and implicit in the mandate here is that a stay is not warranted.

Moreover, the cases upon which Rolls Royce relies are inapposite because there was no motion to stay the appellate court's mandate prior to the remand of the case for further proceedings. See United States v. Robinson 390 F.3d 833, 835 (4th Cir. 2004) (noting that the government did not file a motion to stay the mandate); In re Stumes, 681 F.2d 524, 525 (8th Cir. 1982) (noting that the court was "not prepared to say that the District Court abused its discretion" in staying a case after remand while a certiorari petition was pending but making no mention of any appellate court ruling on a stay of the mandate). In light of the Fourth Circuit's denial of a stay, the spirit of the mandate requires this court to move forward with its proceedings and deny a stay pending Rolls Royce's filing of its certiorari petition.

Rolls Royce requested, in the alternative, that the court defer any ruling on Servotronics's application until all of the parties have the opportunity to be heard on the

7

matter. The court notes that Rolls Royce and Boeing subsequently submitted a joint brief in opposition to Servotronics's application, and that the court will schedule a hearing on the briefing.

### III.   CONCLUSION

For the foregoing reasons, the court **DENIES** the motion to stay.

**AND IT IS SO ORDERED.**

                                   DAVID C. NORTON
                                   UNITED STATES DISTRICT JUDGE

**June 8, 2020**
**Charleston, South Carolina**