IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| In re: ) | |
| ) | No. 2:18-mc-00364-DCN |
| Application of SERVOTRONICS, INC. ) | |
| for an Order Pursuant to 28 U.S.C. § 1782 ) | |
| to Take Discovery for Use in a Foreign ) | **ORDER** |
| Proceeding ) | |
| _____ ) | |

The following matter is before the court on applicant SERVOTRONICS, INC.'s ("Servotronics") Renewed Application for an Order Pursuant to 28 U.S.C. § 1782 to Take Discovery for Use in a Foreign Proceeding, ECF No. 13. For the reasons set forth below, the court holds the application in abeyance and stays proceedings pending the Supreme Court's resolution of <u>Servotronics, Inc. v. Rolls-Royce PLC</u>, No. 20-794, 2021 WL 1072280 (U.S. Mar. 22, 2021) ("<u>Servotronics, U.S.</u>").

## I.  BACKGROUND

This application arises out of an arbitration related to a fire at The Boeing Company's ("Boeing") facilities in Charleston, South Carolina. On January 16, 2016, Boeing was conducting testing on a plane when a tailpipe fire occurred in the plane's engine. The engine was manufactured by Rolls-Royce, PLC ("Rolls-Royce) and contained a valve manufactured by Servotronics. During testing, a piece of metal got lodged in the valve, which affected the engine fuel flow. As a result, the Boeing ground crew began troubleshooting the engine, and subsequently the fire occurred. The fire damaged both the engine and the plane. Boeing sought compensation for the damage from Rolls-Royce, and Rolls-Royce settled the claim. Then Rolls-Royce demanded indemnity from Servotronics, which Servotronics refused. Servotronics maintains that it

1

is not liable for the damage caused by the fire and claims that fault lies with Rolls-Royce and Boeing. Rolls-Royce and Servotronics are parties to an agreement that requires the parties to resolve any disputes through arbitration in Birmingham, England. Rolls-Royce served a notice of arbitration on Servotronics seeking approximately $12.8 million. The parties have agreed to arbitrate in London instead of Birmingham as a matter of convenience. Servotronics now seeks testimony from three former and current Boeing employees to be used in the arbitration in support of its defenses. The first two employees, Terrance Shifley ("Shifley") and Alan Sharkshna ("Sharkshna"), are employees who participated in troubleshooting the plane's engine. The third employee, Scott Walston ("Walston"), was the chairperson of the Boeing Incident Review Board that investigated the fire.

Servotronics initially filed an ex parte application pursuant to 28 U.S.C. § 1782, requesting leave to serve subpoenas upon the three witnesses on October 26, 2018. ECF No. 1. This court denied the application, finding that the U.K. private arbitral tribunal is not a "foreign tribunal" as defined by § 1782. ECF No. 4. Servotronics appealed the order, and Boeing and Rolls-Royce (collectively, "intervenors") intervened in the appeal. The Fourth Circuit reversed this court's order, finding that the arbitral tribunal is a § 1782 "foreign tribunal," and remanded for further proceedings. Servotronics, Inc. v. Boeing Co., 954 F.3d 209, 216 (4th Cir. 2020) ("Servotronics, 4th Cir."). Concurrently with the instant proceedings before this court, Servotronics litigated another § 1782 application in the District of Illinois, where it sought to subpoena Boeing to produce certain documents for use in the same overseas arbitration. In re Servotronics, Inc., 2019 WL 9698535, (N.D. Ill. Apr. 22, 2019). The Northern District of Illinois initially granted the

application but, upon reconsideration, vacated its order, denied the application, and quashed Servotronics' subpoena. Id. The district court there reached the same conclusion that this court reached prior to Fourth Circuit reversal—that a private arbitral tribunal is not a "foreign tribunal" under § 1782. Servotronics appealed, and the Seventh Circuit affirmed, holding that private arbitration tribunals are not "foreign or international tribunals" under § 1782 and making explicit its departure from the Fourth Circuit's recent interpretation. Servotronics, Inc. v. Rolls-Royce PLC, 975 F.3d 689, 691, 693–94 (7th Cir. 2020) ("Servotronics, 7th Cir."). As such, there exists a circuit split with respect to the same issue and, perhaps for the first time, with respect to the very same case.

After the Fourth Circuit's remand, Servotronics filed its renewed application with the court on May 1, 2020. ECF No. 13. Intervenors filed a joint response on May 29, 2020, ECF No. 20, and Servotronics replied on June 5, 2020, ECF No. 21. The court held a hearing on June 30, 2020 and subsequently entered an order instructing the parties to submit supplemental briefing on issues raised at the hearing. ECF No. 27. The parties filed their first batch of supplemental briefs on July 21, 2020. ECF Nos. 32–33. On August 24, 2020, the court ordered a second batch of supplemental briefing, requesting that the parties analyze the test employed by the Second Circuit in In re del Valle Ruiz to determine "whether the court has authority over" the witnesses. ECF No. 34; 939 F.3d 520 (2d Cir. 2019). The parties timely complied. ECF Nos. 35–36. On December 2, 2020, Servotronics filed a "modification" to its application, informing the court that one of the relevant witnesses, Shifley, "now resides in the District of Minnesota" and withdrawing its application with respect to Shifley. ECF No. 37. Intervenors responded, noting that Rolls Royce intends to call the remaining two witnesses, Sharkshnas and

Walston, at the arbitration hearing, meaning that Servotroincs would have the opportunity to examine them at that time, if it so chooses. ECF No. 38.

On December 7, 2020, Servotronics petitioned the Supreme Court of the United States for a writ of certiorari, seeking review of the Seventh Circuit's decision. On January 6, 2021, Servotronics again supplemented its application, requesting that the court issue an order so that Servotronics can "serve the subpoena(s), arrange the depositions, and obtain the[] testimonies before the arbitration hearing," which is scheduled for May 10, 2021. ECF No. 39 at 1. On February 23, 2021, intervenors also filed another supplement, informing the court that they could no longer guarantee Sharkshnas's presence at the arbitration hearing. ECF No. 40. The next day, Servotronics put in its two cents about the legal implications of Sharkshnas's absence and informed the court that it had requested a continuance of the arbitration hearing with the arbitration panel. ECF No. 41. On March 11, 2021, Servotronics informed the court that the panel denied its request for a continuance. ECF No. 42. The next day, intervenors reported to this court the very same, adding that the arbitration panel ultimately found "that obtaining any evidence from the various § 1782 proceedings is not a compelling reason for adjournment." ECF No. 43 at 1–2.

On March 22, 2021, the Supreme Court granted Servotronics' certiorari petition in connection with its appeal from the Seventh Circuit's opinion. The issue on certiorari is as follows:

> Whether the discretion granted to district courts in 28 U.S.C. § 1782(a) to render assistance in gathering evidence for use in "a foreign or international tribunal" encompasses private commercial arbitral tribunals, as the Fourth and Sixth Circuits have held, or excludes such tribunals without expressing an exclusionary intent, as the Second, Fifth, and, in the case below, the Seventh Circuit, have held.

Servotronics, U.S., 2021 WL 1072280, at *1.[1]

## II.  DISCUSSION

The court finds that it would be imprudent to resolve an issue while that exact same issue, in the exact same case, is pending before the United States Supreme Court. As the court mentioned above, Servotronics informed the court that one of the witnesses whose presence it initially sought to compel, Shifley, moved to Minnesota, likely beyond the reach of this court's grasp.  Accordingly, Servotronics filed an application nearly identical to the instant application with the District Court for the District of Minnesota. Faced with an application nearly identical to the one pending here, and thus the same quandary as this court, the District Court stayed the proceedings before it under its inherent power to do so.  Servotronics, Inc. v. Rolls-Royce PLC, 2021 WL 1221189 (D. Minn. Apr. 1, 2021) ("Servotronics, D. Minn").  Judge Katherine Menendez reasoned that a stay was the proper course because "the Supreme Court has accepted review of the Seventh Circuit's decision, and it is certain that the Court will address the very question now before this Court."  Id. at *2.  Finding Judge Menendez's wisdom compelling, the court resolves to follow suit, hold the renewed application in abeyance, and stay proceedings pending Supreme Court guidance.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  Landis v. N. Am. Co., 299 U.S. 248, 254–

---

[1] The Supreme Court's statement of the issue on certiorari, along with other documents filed in connection with its review, can be found on the Supreme Court's website. https://www.supremecourt.gov/search.aspx?filename=/docket/docketfiles/html/public/20-794.html.

55 (1936); see also United States v. Oliver, 878 F.3d 120, 124 (4th Cir. 2017) ("The Supreme Court has [] recognized federal courts' inherent authority to . . . stay an action pending the outcome of parallel proceedings in another court[.]").  A court may invoke this authority upon a party's request or on its own accord.  Crown Cent. Petroleum Corp. v. Dep't of Energy, 102 F.R.D. 95, 98 (D. Md. 1984).  Determining whether to issue a stay "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance."  Landis, 299 U.S. at 255.  The district court has discretion in issuing a stay, given that it is in the interest of "the expeditious and comprehensive disposition of the causes of action on the court's docket."  United States v. Georgia Pac. Corp., 562 F.2d 294, 296 (4th Cir. 1977).  With this law firmly in mind, the court determines that a stay is appropriate here.

The District Court in Minnesota rooted its issuance of a stay in sound logic.  First, Judge Menendez noted that "there is a prominent split between the circuits [that] have addressed the precise issue before this Court—namely, whether foreign private arbitration falls within the purview of § 1782."  Servotronics, D. Minn, 2021 WL 1221189, at *2.  Of course, that is true.  For one, there was an existing circuit split on this issue prior to Servotronics' nationwide filings.  See Nat'l Broad. Co. v. Bear Stearns & Co., 165 F.3d 184, 188 (2d Cir. 1999) (finding that private arbitral panels are not "foreign tribunals" under § 1782); In re Application to Obtain Discovery for Use in Foreign Proc., 939 F.3d 710, 714 (6th Cir. 2019) (finding that private arbitral panels are "foreign tribunals" under § 1782).  More compelling though, and indeed extraordinary, there now exists a split among circuits on this issue within the very same case.  See Servotronics, 4th Cir., 954 at 216 (finding that the U.K. private arbitral panel is a "foreign tribunal"

under § 1782); Servotronics, 7th Cir., 975 F.3d at 691 (finding that the U.K. private arbitral panel is not a "foreign tribunal" under § 1782). As the Judge Menendez put it,

> this is not a stay pending resolution of a legal issue that merely has some possible bearing on this case. The matter before the Supreme Court is this case, albeit involving a different subpoena. The matter before the Supreme Court involves the same parties, seeking resolution of the same issue and for the same reasons, as here; and it is worth noting that this very question has already been addressed by two other circuit courts of appeals with contradictory results.

Servotronics, D. Minn, 2021 WL 1221189, at *2 (emphasis added). The Supreme Court has granted certiorari on the issue, meaning that a decision from the highest court in the land on the very issue before this court is imminent. Accordingly, a stay under these unique circumstances best serves judicial efficiency. A hasty decision by this court may very well be contrary to a subsequent decision from the Supreme Court. Were this court to resolve Servotronics application in a way that conflicts with immediately successive Supreme Court precedent, the issue would more than likely end up back before the court, at the expense of considerable time and resources, expended for naught. Just like the District Court in Minnesota, the court finds "staying this matter until the Supreme Court answers the critical issue . . . more efficient and practical than the alternative." Id.

Servotronics' request that the court resolve its application, despite the current uncertainty of the relevant law and the promise of forthcoming clarity, stems from the facts that the arbitration hearing is set to occur on May 10, 2021 and the arbitration panel has decided to conduct the hearing with or without the evidence Servotronics seeks in American courts. In other words, less than a month from the hearing, Servotronics' request to compel deposition testimony could be a now-or-never proposition. But, as Judge Menendez noted, "that is an issue on which the arbitration panel has the last word."

Id. at *3.  As the court noted above, Servotronics requested that the arbitration panel continue the hearing, and the panel rejected that request, finding "that obtaining any evidence from the various § 1782 proceedings is not a compelling reason for adjournment."  ECF No. 43 at 1–2.  While empathetic to Servotronics' circumstances,[2] the parties contracted to have an arbitral panel settle their disputes, and the court must accord that panel its due respect.  Judge Menendez put it best: "It is up to the panel to decide whether, in light of the Supreme Court's decision, it should stay further proceedings, and that panel is in a far better position than this Court to understand the importance of the deposition at issue here to the matters on [its] plate."  Id.  Again, the court agrees.  Servotronics presented its procedural plight to the arbitral panel, and the panel deemed it unworthy of relief.  As Judge Menendez noted, "If the panel decides that the deposition is necessary to a full and fair resolution, it can revisit its decision to go ahead with the hearing on May 10."  Id.

    In sum, various Courts of Appeal have come down on either side of the issue at the heart of Servotronics' application.  And two Courts of Appeal, the Fourth and Seventh Circuits, have come down on different sides of Servotronics' application in this very case.  The Supreme Court granted Servotronics' petition for certiorari on the issue, signaling that a binding resolution from the nation's highest court is on the horizon.  Resolving Servotronics' renewed application without that guidance would be an imprudent waste of judicial resources.  Accordingly, the court resolves to wait for an answer, rather than guess at it.

---

[2] Since it was Servotronics who petitioned for certiorari, asking the Supreme Court to weigh in on an outcome-determinative issue for its applications, it could be seen that Servotronics is the author of its own demise.

### III. CONCLUSION

For the foregoing reasons the court **HOLDS IN ABEYANCE** Servotronics' renewed application and **STAYS** this matter pending the Supreme Court of the United States's review of Servotronics, Inc. v. Rolls-Royce PLC, No. 20-794, 2021 WL 1072280 (U.S. 2021).

**AND IT IS SO ORDERED.**

**DAVID C. NORTON
UNITED STATES DISTRICT JUDGE**

**April 14, 2021
Charleston, South Carolina**